IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER: 08-519 |
| | : | |
| ROBERTO VASQUEZ | : | |

# O R D E R

**AND NOW**, this _____ day of _____, 2009, upon consideration of Defendant's Motion in Limine to Exclude Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609, it is hereby **ORDERED** that the Motion is **GRANTED**, and that the government is prohibited from introducing any evidence relating to the defendant's prior arrests and/or convictions.

It is so **ORDERED**.

BY THE COURT:

_____
**HONORABLE MICHAEL M. BAYLSON**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER: 08-519 |
| | : | |
| ROBERTO VASQUEZ | : | |

**DEFENDANT'S MOTION <u>IN LIMINE</u> TO EXCLUDE
EVIDENCE OF PRIOR CONVICTIONS
<u>PURSUANT TO FEDERAL RULE OF EVIDENCE 609</u>**

Roberto Vasquez, by and through his attorney, Kai Scott, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, files this motion pursuant to Federal Rule of Evidence 609 to preclude the admission of any evidence relating to his prior criminal history to impeach him if he chooses to testify. As grounds, it is stated:

1. Roberto Vasquez is charged in an indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

2. The government alleges that on or about July 13, 2008, Mr. Vasquez was found in possession of a firearm by Philadelphia police.

3. The defendant has several prior adult convictions from Pennsylvania, namely: 1) a June, 2004 misdemeanor conviction for the purchase and simple possession of a controlled substance, and 2) a January, 2005 felony conviction for robbery of a motor vehicle.

4. Fed.R.Evid. 609(a)(1) forbids an attack upon the credibility of the accused by the introduction of evidence that he committed a crime punishable by death or imprisonment in excess of one year unless the probative value of admitting the evidence outweighs its prejudicial effect to the accused.

5. Pursuant to Fed.R.Evid. 609(a)(1), it is clear that the defendant's prior

convictions may not be admitted at trial for any purpose because the potential harm to the defendant far outweighs any remote probative value of this evidence.

6.The prior convictions here are of a type of which mere knowledge of their existence would prejudice the jury against the defendant.

**WHEREFORE**, for the reasons set forth in this Motion in Limine and accompanying Memorandum of Law, Roberto Vasquez respectfully requests that the Court grant the instant Motion in Limine to Exclude Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609, and to prohibit admission of his prior criminal history to impeach him if he chooses to testify.

Respectfully submitted,

_____
KAI SCOTT
Assistant Federal Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER: 08-519 |
| | : | |
| ROBERTO VASQUEZ | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION <u>IN LIMINE</u> TO EXCLUDE EVIDENCE OF PRIOR
CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

**I.      INTRODUCTION**

Defendant Roberto Vasquez has been charged with being a felon in possession of a firearm. The defendant has one prior felony conviction from Pennsylvania for robbery and a misdemeanor conviction for possession of a controlled substance. If Mr. Vasquez testifies at trial, the government should be precluded from using these convictions for impeachment purposes.

These convictions are not admissible under Federal Rule of Evidence 609. Neither of these crimes contain the element of dishonesty or false statement. In addition, the convictions do not have any probative value which would outweigh the prejudicial effect on the defendant. These offenses merely serve to create the perception that Mr. Vasquez is a career criminal.

**II.     DISCUSSION**

**A.      Defendant's Prior Convictions Inadmissible for Impeachment under Federal Rule of Evidence 609(a)(2).**

Mr. Vasquez's prior convictions are inadmissible under Federal Rule of Evidence 609(a)(2). Rule 609(a)(2) provides, in relevant part:

(a) General rule. For the purpose of attacking the credibility of a witness,

   (2) evidence that any witness has been convicted of a crime shall be

> admitted if it involved dishonesty or false statement, regardless of the punishment.

The Third Circuit followed the lead of the other circuits in Cree v. Hatcher, 969 F.2d 34 (3d Cir. 1992), in determining what crimes involve dishonesty or false statement. Cree was a medical malpractice suit, in which the defendant impeached the plaintiff's expert with evidence that he had been convicted of willful failure to file a federal income tax return. Id. at 36. The Third Circuit reversed, noting that the Federal Rules require an element of deceit. Id. at 37. The Court further noted that because the district court cannot perform Rule 403-type balancing under Rule 609(a)(2), that rule must be interpreted narrowly to admit only evidence of those crimes that bear on a witness's propensity to testify truthfully. Id.

The Cree court interpreted Rule 609(a)(2) to automatically admit convictions involving dishonesty or false statement. This Court, as well as its sister circuits, agree that the phrase "dishonesty and false statement"

> means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

Cree, 969 F.2d at 37 (quoting H.R. Conf. Rep. No. 93-1597, 93d Cong., 2d Sess. 9, reprinted in 1974 U.S.C.C.A.N. 7098, 7103). As a result, current Third Circuit law dictates that the appropriately narrow test for admissibility under Rule 609(a)(2)

> does not measure the severity or reprehensibility of the crime but rather focuses on the witness's propensity for falsehood, deceit, or deception. To conclude that evidence of a crime was admissible under Rule 609(a)(2) simply because the crime was reprehensible would do violence to both the text of Rule 609(a)(2) and the interpretive framework suggested by the Conference Committee.

Cree, 969 F.2d at 38. Moral turpitude is not enough; the crime by definition must contain dishonesty as an element of the offense. Id. at 38 n. 2.

Applying the test to the facts in Cree, the Court noted that in some particular cases people who fail to file tax returns may do so with the intent to hide income from the government. Id. at 38 n. 2. But the manner in which the witness committed his or her crime is irrelevant; "what matters is whether dishonesty or false statement is an element of the statutory offense." Id. (citing United States v. Lewis, 626 F.2d 940, 946 (D.C.Cir. 1980)).

Under Cree's rule, Mr. Vasquez's prior convictions for robbery and the purchase and simple possession of a controlled substance.

### B. Robbery Is Not Crimen Falsi.

Under Pennsylvania law, "A person is guilty of robbery if, in the course of committing a theft, he ... (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S.A. § 3701(a)(1). Pennsylvania law also provides that "A person commits a felony of the first degree if he steals or takes a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle." 18 Pa.C.S.A. § 3702(a).

The majority of circuits have ruled that, for purposes of impeachment, crimes involving the taking of another's property are inadmissible. These courts reason that theft crimes require an individual to act with an intent to deprive another of his rightful property, an act which is not always "deceitful." See United States v. Galati, 230 F.3d 254, 260 (7th Cir. 2000)(shoplifting does not involve deceit); United States v. Foster, 227 F.3d 1096, 1100 (9th Cir. 2000)(receipt of stolen property inadmissible under Rule 609(a)(2)); United States v. Dunson, 142 F.3d 1213,

3

1215 (10th Cir. 1998)("straight theft offense" such as shoplifting falls outside scope of Rule 609(a)(2)); United States v. Farmer, 923 F.2d 1557, 1567 (11th Cir. 1991) (theft, robbery, and shoplifting lack element of "dishonesty or false statement"); McHenry v. Chadwick, 896 F.2d 184, 188 (6th Cir. 1990) (shoplifting not crimen falsi); Coursey v. Broadhurst, 888 F.2d 338, 342 (5th Cir. 1989) (crimes such as felony theft cannot be used to impeach under Rule 609(a)(2)); United States v. Yeo, 739 F.2d 385, 388 (8th Cir. 1984) (theft is not a crime of dishonesty or false statement); United States v. Grandmont, 680 F.2d 867, 870-71 (1st Cir. 1982) (robbery not crimen falsi); United States v. Crawford, 613 F.2d 1045, 1049 (D.C.Cir. 1979)(shoplifting conviction inadmissible absent evidence of deceit).

There seems to be a conflict within the Third Circuit as to whether crimes involving the taking of another's property are crimen falsi. The Third Circuit has determined several times that such crimes are not crimen falsi. Recently, in Walker v. Horn, 385 F.3d 321, 334 (3d Cir. 2004), the court noted that "One can obviously commit a theft without employing deceit (i.e. a pickpocket). Therefore, the theft that is required for robbery does not transform that crime of violence into a crimen falsi crime." Id. at 334 n.27. In United States v. Johnson, 388 F.3d 96, 100 (3d Cir. 2004), the government conceded that the district court erred in allowing the defendant's theft conviction, under 18 Pa.C.S.A. § 3921, to be used to impeach him at trial pursuant to Rule 609(a)(2). See also, Government of Virgin Islands v. Toto, 529 F.2d 278, 280-82 (3d Cir.1976)(petit larceny not crimen falsi); Government of Virgin Islands v. Testamark, 528 F.2d 742, 743 (3d Cir.1976)(same); United States v. Graves, 2006 WL 1997378 at *4 (E.D.Pa., July 12, 2006)(armed robbery not crimen falsi)(DuBois, J.); United States v. Miller, NO. CRIM.A.04-382, 2004 WL 2612420, at *5 (E.D.Pa. Nov 16, 2004)(Robreno, J.)(car theft not

crimen falsi); United States v. Tubbs, NO. CRIM. 89-498, 1990 WL 27365, at *4 (E.D.Pa., Mar. 12, 1990)(Shapiro, J.)(robbery and possession of stolen property not crimen falsi).[1]

Several courts have in fact ruled that theft crimes are crimen falsi. In United States v. Fromal, 733 F.Supp. 960 (E.D.Pa. 1990), Judge Van Antwerpen ruled that the crime of bank robbery is crimen falsi. The court based this opinion on United States v. Remco, 388 F.2d 783 (3d Cir. 1968) and United States v. Bianco, 419 F.Supp. 507 (E.D.Pa. 1976), aff'd mem., 547 F.2d 1164 (3d Cir. 1977). The courts in Remco and Bianco held that larceny, armed robbery and breaking and entering were crimen falsi because they adversely reflected upon the defendant's honesty and integrity. Remco, 388 F.2d at 786; Bianco, 419 F.Supp. at 509. The court in Chladek v. Milligan, 1998 WL 748324, at *3 (E.D.Pa., Oct. 23, 1998)(Hutton, J.) relied upon this same reasoning to determine that theft was crimen falsi.

However, the court in Remco recognized that, as the purpose of impeachment is to provide jurors with sufficient background information to determine a witness's credibility, violent or assaultive acts, including attempted grand larceny, have little bearing on one's capacity to be truthful. 388 F.2d at 786.[2] Furthermore, in Grandmont, the First Circuit ruled that Bianco "is without precedential force since the district court rested its decision alternatively on balancing under subsection (1)," which balances the probative value of the proffered evidence against its prejudicial effect on the defendant. 680 F.2d at 871 n.3. Moreover, while theft crimes are

---

[1] A number of courts in the Third Circuit have decided several cases in which the government conceded that robbery was not crimen falsi. See United States v. Coleman, 2006 WL 3208677, at *3 (E.D.Pa., Nov. 2, 2006)(Surrick, J.); United States v. Hart, 1997 WL 634519, at *1 (E.D.Pa., Oct. 15, 1997)(Hutton, J.), aff'd, 175 F.3d 1011 (3d Cir.), cert. denied, 528 U.S. 945 (1999); United States v. Eaddy, 1996 WL 153657, at *1 (E.D.Pa., April 1, 1996)(Hutton, J.); United States v. Sallins, 1993 WL 427358, at *3 (E.D.Pa., Oct. 18, 1993)(Hutton, J.).

[2] The Remco court ultimately determined that it could not rule against the admissibility prior conviction because the law of the circuit permitted its admission. 388 F.2d at 786.

considered dishonest, the term "dishonesty" as used in Rule 609(a)(2) is interpreted much more narrowly than the general definition. See United States v. Brackeen, 969 F.2d 827, 830 (9th Cir. 1992)(quoting United States v. Seamster, 568 F.2d 188, 190 (10th Cir. 1978)).

Robbery does not involve an element of dishonesty or false statement. Therefore, in light of the recent trend within the Third Circuit, and the overwhelming support for its inadmissibility among the sister circuits, the court should not automatically admit Mr. Vasquez's robbery conviction pursuant to Rule 609(a)(2).

    **C.    Drug Offenses Are Not Crimen Falsi**

It is illegal in Pennsylvania to knowingly or intentionally possess a controlled substance without a license to do so. See 35 Pa.C.S.A. § 780-113(a)(16). The laws of Pennsylvania also prohibit the purchase of a controlled substance from an individual who is not authorized to sell the controlled substance. See 35 Pa.C.S.A. § 780-113(a)(19). However, both the purchase and simple possession of a controlled substance are misdemeanors punishable by jail terms not exceeding one year. See 35 Pa.C.S.A. § 780-113(b). Therefore, neither of these convictions are eligible for admission under Rule 609.

If, arguendo, the crimes of purchase and simple possession are eligible for admission under Rule 609, these offenses are not a crimen falsi because the definitions for these offenses do not contain the elements of dishonesty or false statement. See, Tussel v. Witco Chemical Corp., 555 F.Supp. 979, 981-82 (W.D.Pa. 1983)(dishonesty and false statement are not elements of narcotics charge); United States v. Logan, 998 F.2d 1025, 1032 (D.C.Cir.), cert. denied, Robinson v. United States, 510 U.S. 1000 (1993)(distribution of drugs does not constitute a crime of dishonesty or false statement); United States v. Gross, 603 F.2d 757, 758 (9th Cir. 1979)

(prior convictions for narcotics offenses not crimen falsi); United States v. Hastings, 577 F.2d 38, 41 (8th Cir. 1978)(narcotics charge does not involve crime of dishonesty or false statement); Fletcher v. City of New York, 54 F.Supp.2d 328, 332 n.3 (S.D.N.Y. 1999)("Convictions for narcotics offenses are usually not considered to involve dishonesty or false statement." (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, §609.03[2][b][iii] (2nd ed. 1998))); Threzzy v. O'Leary, 1991 WL 10746, *1 (N.D.Ill., Jan 31, 1991)("conviction for delivery of a controlled substance did not involve a crime of dishonesty or false statement").

Pursuant to the rule established in Cree, Mr. Vasquez's prior felony convictions for robbery of a motor vehicle and the purchase and simple possession of a controlled substance are not crimen falsi. As neither of these offenses include the elements of dishonesty or false statement in their statutory definitions, they are not automatically admissible under Rule 609(a)(2).

### III.     Defendant's Prior Convictions Inadmissible for Impeachment under Federal Rule of Evidence 609(a)(1).

Because Rule 609(a)(2) does not come into play, Rule 609(a)(1) applies to determine the admissibility of these convictions for impeachment. Pursuant to Federal Rule of Evidence 609(a)(1), evidence that the accused has been convicted of a felony offense is only admissible if the Court determines that the probative value of such evidence outweighs its prejudicial impact to the accused.

When considering the admissibility of prior convictions to impeach, the Third Circuit relies on the test enunciated in Government of Virgin Islands v. Bedford, 671 F.2d 758 (3d Cir.1982). Bedford involved a challenge to the admissibility of a prior conviction under 609(a)(1). However, courts in the Third Circuit also have utilized the Bedford test to determine

the admissibility of prior convictions under 609(b). See, United States v. D'Agata, 646 F.Supp. 390, 391 (E.D.Pa. 1986), aff'd, 826 F.2d 1057 (3d Cir. 1987). Note, however, that 609(a) requires that the probative value of the prior conviction simply outweigh any prejudicial effect, while 609(b) requires that the probative value substantially outweighs the prejudicial effect. Nonetheless, the same factors may be examined in order to determine the admissibility of a prior conviction under either 609(a) or 609(b). Id.

In order to make this determination, the Third Circuit has recognized that the Court should consider several factors, including: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant". United States v. Hart, 1997 WL 634519, *1 (E.D.Pa., Oct. 15, 1997)(Hutton, J.)(citing Bedford, 671 F.2d at 761 n. 4 (3d Cir. 1982)).

### A.     The Kind of Crime Involved.

Mr. Vasquez is currently charged with possessing a firearm while a convicted felon. He was previously convicted of robbery and drug possession. While the previous convictions are not similar to the charged offenses, these prior offenses are not probative of Mr. Vasquez's propensity for truthfulness.

As discussed in Part I supra, none of Mr. Vasquez's prior offenses are crimen falsi. Further, none of these crimes reflect on an individual's capacity to testify truthfully. Indeed, "[t]he manufacture, delivery, or possession of drugs with intent to deliver or manufacture, without more, is only minimally probative of truthfulness. Yet, such a conviction may be quite prejudicial." United States v. Hart, 1997 WL 634519 at *1 (E.D.Pa., Oct. 15, 1997)(Hutton, J.), aff'd 175 F.3d 1011 (3d Cir.), cert. denied, 528 U.S. 945 (1999). See also, United States v.

Galati, 230 F.3d 254, 261 n.5 (7th Cir. 2000)("A person's past drug possession does not necessarily implicate dishonesty and this court has rejected the argument that 'people who have used drugs are more likely to tell lies.'"); United States v. Begay, 144 F.3d 1336, 1338 (10th Cir. 1998)(conviction for drug possession not necessarily relevant to witness' credibility); United States v. Mahone, 328 F.Supp.2d 77, 85 (D.Me. 2004)(drug conviction does not relate to defendant's propensity to testify truthfully). But see, United States v. Rose, 2008 WL 650034 (E.D.Pa., Mar. 3, 2008)(Golden, J.)(citing United States v. Borrome, 1997 WL 786436 at *4 (E.D.Pa. 1997)(Van Antwerpen, J.), aff'd 166 F.3d 1206 (3d Cir. 1998), cert. denied 526 U.S. 1033 (1999)); United States v. Coleman, 2006 WL 3208677, at *3 (E.D.Pa., Nov. 2, 2006)(Surrick, J.).

     While multiple prior convictions may, arguably, evidence an unwillingness to abide by the law in any setting, it is not conclusive evidence that an individual who has committed various crimes in the past will not be willing to tell the truth under oath when requested to do so. There exists a sliding scale of crimes on which non-crimen falsi may nonetheless be viewed as probative of truthfulness. See United States v. Millhouse, 2007 WL 1366974, *2-3 (E.D.Pa., May 7, 2007)(Rufe, J.)(theft crime not crimen falsi but nonetheless probative of truthfulness; crime of stealing from others involves some level of dishonesty); United States v. Tomczky, 2005 WL 1357509 (E.D.Pa., June 9, 2005)(Kauffman, J.)(robbery conviction admissible under Rule 609(a)(1); citing Bianco and Fromal). Assaultive crimes and weapons offenses, however, fall at the very low end of the scale. See United States v. Estrada, 430 F.3d 606, 618, 621 (2nd Cir. 2006)(crimes involving drugs and violence rank at low end of scale of probative worth on credibility).

While Mr. Vasquez's prior convictions are less than ten years old, his testimony and credibility are vital to this case. A defendant's testimony may be crucial to his case where he is the only witness who may provide certain significant information. If the defendant chooses to testify in that instance, it is vital that the court preclude the admission of his prior convictions. Compare, United States v.Givens, 767 F.2d 574 (9th Cir.)( trial court's decision to exclude defendant's conviction upheld, in part, because jury needed about defendant's alibi and how he came to acquire certain knowledge that appeared incriminating at trial), cert. denied, 474 U.S. 953 (1985), with, United States v. Causey, 9 F.3d 1341 (7th Cir. 1993)(admission of defendant's prior convictions proper because defendant's testimony was not required; other witnesses available to testify in support of defense theory of case), cert. denied, 511 U.S. 1024 (1994). It is clear the Mr. Vasquez's testimony would provide crucial information for the fact finder in this case.

Further, it is obvious that if the defendant chooses to testify, his credibility will become an issue, as with any witness brought before the Court. Hart, 1997 WL 634519 at *2. His veracity will indeed be essential to the case because he would provide testimony which directly contradicts the main element of the government's charge, i.e., the knowing and intentional possession of a firearm. See United States v. Payton, 159 F.3d 49, 57 (10th Cir.1998).

However, Mr. Vasquez's prior felony convictions provide little insight into his propensity to tell the truth. To the contrary, Mr. Vasquez's prior convictions would tend to show only that he may have a propensity to commit illegal acts. The jury may be led to believe that Mr. Vasquez is presently guilty of the charged offenses because he has committed other "bad acts" in the recent past. Admission of these convictions would serve only to confuse the jury. See

10

Maisonneuve, 954 F.Supp. at 117-18. Thus, the prejudicial impact of admitting this evidence far outweighs any potential probative value.

In essence, these convictions are not probative, and would be so prejudicial as to taint any chance Mr. Vasquez may have to receive a fair trial. As soon as the jury hears that he has previous convictions for robbery and drug possession, the panel will most likely view Mr. Vasquez as a violent offender who must have committed whatever offense the government has charged against him.

## IV.   CONCLUSION

In sum, Mr. Vasquez's prior convictions for robbery and the purchase and simple possession of a controlled substance do not involve any elements of dishonesty or false statement and cannot be admissible pursuant to Federal Rule of Evidence 609(a)(2). Likewise, admitting them for impeachment purposes under Rule 609(a)(1) would be highly prejudicial to Mr. Vasquez while having no probative value as to his credibility on the witness stand.

If Mr. Vasquez decides to testify in the instant case, the government should be prohibited from impeaching him with his prior criminal convictions. Such a ruling is consistent with the fundamental notions of our jurisprudence involving a fair trial untainted by unduly prejudicial evidence that would tend to deflect the attention of the jury away from proof involving the specific crime charged in the instant indictment.

The risk is that if the government is permitted to impeach Mr. Vasquez with a prior conviction, the focus of the jury would be deflected from the issues involving proof of the indictment by the fact finders' belief that the accused in a bad person. In this context, a limiting instruction may fall on deaf ears. The specter of a jury considering the evidence of prior

convictions and concluding that if the defendant sinned before he must have committed the instant crime becomes problematic. In this vein, the Federal Rules of Evidence have recognized the issue and developed rules that favor exclusion of such evidence when the witness is the accused.

**WHEREFORE,** the defendant, Roberto Vasquez, respectfully requests that the Court grant his Motion in Limine to Exclude Any Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609.

Respectfully submitted,

KAI SCOTT
Assistant Federal Defender

## CERTIFICATE OF SERVICE

      I, Kai N. Scott, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have caused a copy of the Defendant's Motion in Limine to Exclude Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609, be served via electronic notification or hand delivery to his/her office, upon Joseph Whitehead, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania  19106.

_____
KAI N. SCOTT
Assistant Federal Defender


Date:_____