IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERTO VASQUEZ | : | No. 08-519 |

<u>MEMORANDUM RE:  MOTIONS IN LIMINE</u>

**Baylson, J.**                                                                                                               **April 3, 2009**

In anticipation of trial, both the Government and Defendant Roberto Vasquez have filed motions <u>in Limine</u> to preclude or allow the introduction of certain evidence at trial.  For the following reasons, the Government's Motion to preclude reference to the potential punishment will be granted, Defendant Vasquez's Motion under Federal Rule of Evidence 609 will be granted in part and denied in part, and the Government's Motion under Rule 404(b) will be denied.

**I.      Background and Procedural History**

On September 2, 2008, the Government filed an Indictment charging Defendant Vasquez with having violated 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing a firearm.  (Doc. 1).  The Government alleged that Vasquez, on or about July 13, 2008, "knowingly possessed in and affecting interstate and foreign commerce a firearm, that is, a Taurus International, Model PT 140 Pro, .40 caliber semi-automatic pistol, serial number SAV24302, loaded with seven live rounds of ammunition"; the Government also alleged that Vasquez, prior to his possession of the firearm, had been convicted of a crime in Pennsylvania for a term exceeding one year.  (Indict. at 1).  Because Vasquez pleaded not guilty to the charge (Doc. 5,

13), the case is scheduled for trial on April 6, 2009.

In preparation for the trial, the Government initially filed a Motion in Limine to Prohibit Mention of Defendant Vasquez's Potential Punishment if Convicted on February 5, 2009. (Doc. 21). Vasquez has not responded to the Government's Motion. However, Vasquez filed his own Motion in Limine to Exclude Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609 on March 30, 2009, (Doc. 34), and the Government has responded. Finally, the Government filed a final Motion in Limine on April 2, 2009 to Admit Rule 404(b) Evidence. (Doc. 37).

## II.  Government's Motion to Preclude Mention of Potential Punishment

First, the Government moves to preclude Vasquez, Vasquez's attorney, or any witness from mentioning the potential punishment if Vasquez is convicted of the crime charged.

The issue raised by the Government arises from the unique role that the jury assumes for federal criminal proceedings.

> In the federal courts, the role of the jury in a non-capital case is to determine whether the defendant is guilty or not guilty based on the evidence and the applicable rules of law. The jury is supposed to perform this role without being influenced in any way by what the consequences of its verdict might be.

United States v. Fisher, 10 F.3d 115, 121 (3d Cir. 1993). As courts attempt to minimize any influence that a potential sentence might have on the jury's verdict, "federal criminal juries are almost never instructed concerning the consequences of verdicts. On the contrary, they are often specifically instructed not to consider those consequences." Id.

Trial courts also have a "duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant."

United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988).  At least two other district court judges in the Eastern District of Pennsylvania have attempted to achieve this goal by granting motions similar to the one at hand.  See United States v. White, Crim. A. No. 07-365 (E.D. Pa. Mar. 12, 2008) (Doc. 99) (Dalzell, J.); United States v. Jackson, Crim. A. No. 03-793 (E.D. Pa. Jan. 13, 2005) (Doc. 69) (Katz, S.J.).  As this Court finds that precluding any reference to the punishment that Vasquez may face if the jury renders a verdict of guilty is the appropriate means of achieving this goal, this Court will grant the Government's Motion.

### III.     Defendant's Motion to Exclude Evidence of Prior Convictions

Next, Vasquez moves to prevent the Government from introducing any evidence relating to Vasquez's prior arrests and/or convictions under Rule 609 of the Federal Rules of Evidence. In support, Vasquez submits that he has two prior state court convictions:  (1) a July 2004 misdemeanor conviction for the purchase and simple possession of a controlled substance; and (2) a January 2005 felony conviction for robbery of a motor vehicle.  Analyzing the issue under both Rule 609(a)(1) and Rule 609(a)(2), Vasquez contends that the convictions are inadmissible.[1]

Rule 609 lays out the guidelines for impeaching the character of a witness with the conviction of a crime.  As applicable to criminal defendants:

> (a) For the purpose of attacking the character for truthfulness of a witness,

---

[1] It is important to note that, while Vasquez has requested that this Court prohibit the Government from introducing any evidence relating to the Defendant's prior convictions, the Government is required to, as one of the elements of § 922(g)(1), prove a past felony conviction. This Court can not bar the Government from introducing evidence of any past convictions, absent a stipulation by the parties that the element is satisfied.  Since Defendant has not up to this point agreed to such a stipulation despite the Government's offer, this Court will consider Defendant's Motion as one to preclude the impeachment of Defendant's credibility with the convictions if he testifies.

> (1) . . . evidence that an accused has been convicted of [a crime punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a)(1)-(2).

### A.  Federal Rule of Evidence 609(a)(2)

Vasquez first addresses Rule 609(a)(2) and argues that his prior convictions were not crimes of dishonesty or false statement, i.e. crimen falsi. Rule 609(a)(2), as opposed to 609(a)(1), does not provide any discretion to the district court judge in admitting evidence of past convictions.

> [I]f the prior conviction involved dishonesty or false statements, the conviction is automatically admissible insofar as the district court is without discretion to weigh the prejudicial effect of the proffered evidence against its probative value. Because Rule 609(a)(2) does not permit the district court to engage in balancing, . . . Rule 609(a)(2) must be construed narrowly to apply only to those crimes that bear on a witness' propensity to testify truthfully.

Walker v. Horn, 385 F.3d 321, 333 (3d Cir. 2004) (quoting Walden v. Georgia-Pacific Corp., 126 F.3d 506, 523 (3d Cir. 1997)). A court should not "measure the severity or reprehensibility of the crime, but rather focus[] on the witness's propensity for falsehood, deceit or deception." Cree v. Hatcher, 969 F.2d 34, 38 (3d Cir. 1992). "As amended in 2006, Rule 609(a) mandates the admission of evidence of a conviction only when the conviction required the proof of (or in the case of a guilty plea, the admission of) an act of dishonesty or false statement." 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.04[2][b] (Joseph M.

McLaughlin ed., 2d ed. 2009).

As to the conviction for robbery, Vasquez is correct when he asserts that, under Third Circuit law, robbery is a not a crime that reflects on the defendant's propensity for truthfulness. In Walker, on appeal from a civil § 1983 case, the Third Circuit held that the district court erred in determining that "robbery is a crime involving dishonesty that is automatically admissible under Rule 609(a)(2)." 385 F.3d at 334. "[A]lthough robbery is certainly a very serious crime, it does not involve communicative or expressive dishonesty." Id.; see also United States v. Felix, 221 Fed. Appx. 176 (3d Cir. 2007). As there is no difference between robbery and the robbery of a motor vehicle that reflects on a defendant's propensity for "falsehood, deceit or deception,"[2] this Court holds that Vasquez's conviction for robbery of a motor vehicle is not admissible under Rule 609(a)(2). See United States v. Miller, 2004 WL 2612420, at *4-5 (E.D. Pa. Nov. 16, 2004) (Robreno, J.) (holding that a conviction for car theft was not admissible under Rule 609(a)(2) because the crime did not involve "expressive dishonesty").

Vasquez's conviction for a misdemeanor drug possession charge is also not indicative of his propensity for truthfulness. See United States v. McIntosh, 2006 WL 293224, at *13 (M.D. Pa. Feb. 7, 2006) (using the analysis from Walker and holding that drug charges had "no bearing on [witness's] character for truthfulness" for purposes of Rule 608); Tussel v. Witco Chemical Corp., 555 F. Supp. 979, 982 (W.D. Pa. 1983) (holding that crime of conspiring to import a controlled substance was not a crime "involving dishonesty or false statement"); United States v. Logan, 998 F.2d 1025, 1032 (D.C. Cir. 1993) (holding that distribution of drugs is not a crime of

---

[2] Under Pennsylvania law, a person commits the crime of robbery of a motor vehicle "if he steals or takes a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle." 18 Pa. C.S. § 3702(a).

dishonesty); 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.04[3][d] (Joseph M. McLaughlin ed., 2d ed. 2009) ("Convictions for narcotic offenses are not admitted under Rule 609(a)(2) unless the proponent shows that the crimes were committed by means of dishonesty or false statement."). The drug possession charge is therefore also not admissible under Rule 609(a)(2).

### B.     Federal Rule of Evidence 609(a)(1)

Vasquez next argues that his convictions should also not be admissible under Rule 609(a)(1). Federal Rule of Evidence 609(a)(1) reads, in pertinent part:

> For the purpose of attacking the character for truthfulness of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

Fed. R. Evid. 609(a)(1). The issue may be moot, assuming that the Government has introduced the prior conviction as part of its case in chief. However, if Defendant takes the stand, some courts have independently ruled on whether the defendant can be cross-examined on his prior conviction. It is hard to see, though, how Defendant would be prejudiced under such a circumstance.

As Vasquez observes in his Motion, the Third Circuit uses a four part test to evaluate the admissibility of evidence of prior convictions under Rule 609(a)(1). Under Gov't of the Virgin Islands v. Bedford, 671 F.2d 758, 761 n.4 (3d Cir. 1982), the four relevant factors are: (1) the

kind of crime involved; (2) when the prior conviction occurred; (3) the importance of the witness' testimony; and (4) the importance of the defendant's credibility.  Id. at 761 n.4.

Under Rule 609(a)(1), the probative value of the prior conviction must simply outweigh the prejudicial effect.  In United States v. Chamberlain, 2006 WL 1517384, *2 (E.D. Pa. May 31, 2006), Judge Pratter discussed the level of prejudice required by Rule 609(a) stating that it must be "something demonstrably more than the understandable discomfiture a defendant experiences with the concept of the jury knowing this kind of background detail about the defendant's past." Id. at *2.  "A defendant who elects to testify at trial places his or her credibility directly at issue." Id. at *1.  Any possibility of prejudice is particularly lessened in cases where knowledge of the prior conviction will come in either as a stipulation or evidence because the prior conviction is an element of the crime.  See United States v. Murphy, 172 Fed. Appx. 461, 464 (3d Cir. 2006) (affirming district court's admission of felony drug convictions under Rule 609(a)(1), where district court recognized limited prejudice existed because conviction must be admitted as element of crime).

Evaluating the four Bedford factors in light of the fact that Vasquez's felony conviction for robbery is an element of the crime, this Court will not grant, pre-trial, Vasquez's Motion to preclude the admission of the prior conviction for robbery under Rule 609(a)(1).  The crime of robbery of a motor vehicle, a felony in Pennsylvania, is not a minor one.  It is also a relatively recent conviction, occurring within the past five years.  If Defendant Vasquez testifies, perhaps as the only witness, his testimony is important in determining whether he is guilty of the crime charged.  "What [the Defendant] has to say in the face of what the police officers to be called by the Government will testify is certain to capture the attention of the jury, and the jury deserves to

have as complete a picture of the believability of the Defendant as can be gained under the circumstances." Chamberlain, 2006 WL 1517384, at *2.  The Court will not now rule definitively on the admissibility of the conviction.  The issue may become moot because the conviction will likely have been presented as an element of the current charge.  Any prejudicial effect can also be cured with an instruction to the jury by this Court to only consider the conviction for purposes of establishing the element of the crime and assessing the Defendant's credibility, if he testifies.

However, as to the misdemeanor drug possession conviction, this crime was not punishable by more than one year in jail, 35 Pa. C.S. § 780-113(b).  It is therefore not admissible under Rule 609(a)(1), and it is also not a crime that can be used to establish an element of the § 922(g)(1) charge.

Defendant's Motion is denied at this time as to the felony robbery conviction, but granted as to Defendant's drug possession conviction.

### IV. Federal Rule of Evidence 404(b)

Finally, the Government filed a Motion to introduce evidence that Vasquez had small vials of marijuana on his person under Rule 404(b).  (Doc. 37).  The Government argues that Defendant's possession of the marijuana vials shows that Defendant had "more than one reason to flee" when the police apprehended him on the night in question.  (Doc. 37 at 4).  This Court disagrees and, pre-trial, denies the Government's Motion for its case in chief.  However, depending on the testimony, including cross-examination, that is presented at trial, this Court may at trial determine that testimony concerning the marijuana vials is admissible, under Rule 404(b).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERTO VASQUEZ | : | No. 08-519 |

**<u>ORDER</u>**

AND NOW, this 3rd day of April 2009, it is hereby ORDERED that:

(1) The Government's Motion <u>in Limine</u> to Prohibit Mention of Defendant Vasquez's Potential Punishment if Convicted (Doc. 21) is GRANTED;

(2) Defendant Vasquez's Motion <u>in Limine</u> to Exclude Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609 (Doc. 34) is GRANTED in part and DENIED in part consistent with this Court's opinion; and

(3) The Government's Motion <u>in Limine</u> to Admit Rule 404(b) Evidence (Doc. 37) is DENIED.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\Criminal Cases\08-519 Vasquez, US v\CR 08-519 - Vasquez, US v. - Order Re Motions in Limine.wpd